UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ROGER DAVIS,

      Plaintiff,

   -against-

NASSAU COUNTY, NASSAU COUNTY
TRAFFIC and PARKING VIOLATIONS
AGENCY, PATRICIA REILLY
COMMISSIONER, and UNKNOWN OTHERS,

      Defendants.
----------------------------------------------------------X

**MEMORANDUM OF DECISION AND ORDER**
06–CV–4762 (ADS)(WDW)

**APPEARANCES:**

**Roger Davis**
*Plaintiff* Pro Se
790 Concourse Village West
Apt. 24D, Bronx, NY 10451

**Office of the Nassau County Attorney**
*Attorneys for the Defendants Nassau County, Nassau County Traffic and Parking Violations Agency, and Patricia Reilly Commissioner*
1 West Street
Mineola, NY 11501
  By: Anthony Kenneth Preston, Assistant County Attorney
     Jeannean R. Rogers, Assistant County Attorney

**Law Offices of Douglas Lerose**
*Attorneys for the Defendants Nassau County, Nassau County Traffic and Parking Violations Agency, and Patricia Reilly Commissioner*
445 Broad Hollow Road, Suite 200
Melville, NY 11747
  By: Douglas J. Lerose, Esq., of Counsel

**SPATT, District Judge.**

  The Plaintiff in this case, Roger Davis ("Davis"), commenced this action

against the Defendants, Nassau County, the Nassau County Traffic & Parking

Violations Agency (the "Agency"), Patricia Reilly as Commissioner for the Agency, and "unknown others." The complaint alleges violations of 42 U.S.C. § 1983 and state law stemming from the Defendants' alleged failure to adhere to New York speedy trial rules in trials involving traffic violations and for suspending Davis' driver's license without finding him guilty of any violation. On March 8, 2011, the Defendants filed a motion for summary judgment. For the reasons set forth below, the Defendants' motion is granted.

## I. BACKGROUND

### A. Factual Background

On or about November 9, 2001, the Plaintiff was driving on the Long Island Expressway in Nassau County when he received a ticket for an alleged traffic violation; specifically for illegal driving on the shoulder of the road. On December 27, 2001, Davis pled not guilty to this charge.

Almost three years later, on August 2, 2004, the Plaintiff received notice that he was to appear for a trial before the Agency on September 7, 2004. The notice stated in capital letters that failure to appear would result in suspension of his driver's license. However, Davis refused to appear because of his belief that the delayed trial date violated the speedy trial law of New York State, namely Criminal Procedure Law § 30.30 ("CPL § 30.30"). Therefore, on September 1, 2004, the Plaintiff hand delivered a letter to Commissioner Patricia Reilly ("Reilly"), one of the Defendants in the instant action, which informed her of his refusal.

On September 2, 2004, the Plaintiff received a letter in response from the Clerk of the Court. The letter stated that CPL § 30.30 did not apply to traffic

violations and that he was therefore required to appear to plead his case on the scheduled September 7, 2004 trial date. The letter also offered Davis the opportunity to obtain an adjournment if he needed to do so. However, Mr. Davis did not appear for trial on September 7, 2004. He was subsequently sent a notice of another trial date, but he did not appear on that date either. The Plaintiff sent Reilly another letter, which informed her that his prosecution was untimely and the charges against him should be dismissed. Thereafter, on January 13, 2005, the Plaintiff's license was suspended for failure to attend his scheduled trial dates.

Davis did not appeal this decision within the New York state court system. Instead, on August 31, 2006, he filed this action in federal court claiming damages under (1) CPL § 30.30 for the Defendants' alleged failure to adhere to New York state speedy trial rules in trials involving traffic violations; and (2) 42 U.S.C. § 1983 for violating his constitutional speedy trial rights and suspending his driver's license without a finding of guilt. The Plaintiff alleges that the latter action caused him undue hardship because it impaired his ability to earn a living.

On September 11, 2006, the named Defendants appeared at a hearing regarding Plaintiff's request for an injunction to reinstate his driver's license while this action was pending. The Defendants argued at that hearing that (1) the speedy trial rules do not apply to trials for traffic violations; (2) the Plaintiff's license was suspended only after he failed to appear for the very trial that he claims was delayed; and (3) only the state, not the county, could restore the Plaintiff's driver's license. The Court denied the Plaintiff's motion for an injunction, but did not dismiss the action. Following the September 11, 2006 hearing before this Court the

Plaintiff appeared at the Agency, pled guilty, paid a fine and had his license restored.

On March 8, 2011, the Defendants filed the present motion for summary judgment. The motion is unopposed.

**B. The Causes of Action**

Due to the fact that the Plaintiff is proceeding *pro se*, the Court will hold the complaint to a less stringent standard than formal pleadings drafted by lawyers. Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980); Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595, 30 L. Ed. 2d 652 (1972). The Court should "read the pleadings of a *pro se* plaintiff liberally and interpret them to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)); Cole v. Fischer, 379 F. App'x. 40, 41 (2d Cir. 2010).

Reading the *pro se* complaint liberally, with respect to the Section 1983 claim, the Plaintiff appears to be asserting causes of action for (1) the violation of his constitutional right to a speedy trial under the Sixth Amendment; and (2) the violation of his constitutional due process rights when they suspended his driver's license without finding him guilty of a violation.

In addition, it appears that the Plaintiff is alleging a violation of New York State speedy trial law, CPL § 30.30, for the failure to schedule a trial within 30 days of his non-guilty plea.

## II. DISCUSSION

**A. Legal Standard**

Pursuant to Federal Rule of Civil Procedure 56 ("Fed. R. Civ. P. 56"), a court may not grant a motion for summary judgment unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Globecon Group, LLC v. Hartford Fire Ins. Co., 434 F.3d 165, 170 (2d Cir. 2006). In determining whether an issue is genuine, "[t]he inferences to be drawn from the underlying affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the party opposing the motion." Cronin v. Aetna Life Ins. Co., 46 F.3d 196, 202 (2d Cir. 1995) (citing United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 8 L. Ed. 2d 176 (1962) (per curiam), and Ramseur v. Chase Manhattan Bank, 865 F.2d 460, 465 (2d Cir. 1989)).

If the moving party meets its initial burden of demonstrating the absence of a disputed issue of material fact, the burden shifts to the nonmoving party to present "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). The nonmoving party may not then rely solely on "conclusory allegations or unsubstantiated speculation" in order to defeat a motion for summary judgment. Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998). If the evidence favoring the nonmoving party is "merely colorable ... or is not significantly probative, summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477, U.S. 242, 249–

50, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) (internal citations omitted).

Where, as here, a motion for summary judgment is unopposed, "the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial". Amaker v. Foley, 274 F.3d 677, 681 (2d Cir. 2001); Banushi v. City of New York, No.08CV2937, 2010 WL 4065414, at *11 (E.D.N.Y. Oct. 15, 2010) (denying a motion for summary judgment on the grounds of qualified immunity despite the fact that the plaintiff failed to respond to the motion).

Accordingly, the Court turns to the issue of whether the Defendants have met their burden of demonstrating that summary judgment is warranted.

**B. As to the Claims Against the Agency**

At the outset, the Court addresses the Defendants' argument that there is no jurisdiction over the Agency because it is merely an administration arm of Nassau County and that such departments do not have a legal identity separate and apart from the municipality and, therefore, cannot be sued.

The Defendant is correct that under New York law, "departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot . . . be sued." Hartline v. Gallo, 546 F.3d 95, 99 n.3 (2d Cir. 2008) (citation omitted); see Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (citing Hall v. City of White Plains, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) (dismissing claim against

the police department); Polite v. Town of Clarkstown, 60 F. Supp. 2d 214, 216 (S.D.N.Y. 1999); Umhey v. County of Orange, 957 F. Supp. 525, 530–31 (S.D.N.Y. 1997); Wilson v. City of New York, 800 F. Supp. 1098, 1101 (E.D.N.Y. 1992)). There is no doubt that the Nassau County Traffic & Parking Violations Agency is merely an administrative arm of the municipality of Nassau County.

Therefore, because the Agency does not have a legal identity separate and apart from Nassau County, the Court grants summary judgment dismissing all claims pending against the Agency.

**C. As to the Section 1983 Cause of Action Against Nassau County**

The Defendants next contend that summary judgment is proper with regard to the Section 1983 cause of action against Nassau County because the complaint fails to allege sufficient facts to subject the Defendants to municipal liability.

To assert a claim against a municipality pursuant to Section 1983, a plaintiff must satisfy the well-settled requirements of Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Under Monell and its progeny, a Section 1983 plaintiff must show that a violation of his rights by an employee or agent of a municipality was the result of a "policy or custom" of the municipality. Id. at 694, 98 S. Ct. 2018. Conclusory allegations of municipal custom or policy are insufficient to satisfy this requirement. See Ying Jing Gan v. City of New York, 996 F.2d 522, 536 (2d Cir. 1993) (the "mere assertion ... that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference.") (quoting Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir.

1993)); Cerbelli v. City of New York, 600 F.Supp.2d 405, 411 (E.D.N.Y. 2009) (holding same).  In addition, a municipality's failure to train employees to properly protect individuals' constitutional rights can also serve as a basis for municipal liability under Monell. Jenkins v. City of New York, 478 F.3d 76, 94 (2d Cir. 2007).

### 1. As to the Delayed Trial Date

With regard to Davis' allegations pertaining to his personal traffic violation and subsequent delayed trial date, the complaint does not specifically point to anything regarding a municipal policy or custom of Nassau County that would cause trial dates for traffic violations to be scheduled in a delayed fashion.  Even if the Plaintiff were to use his isolated incident to support the allegation that a municipal policy or custom was in place, that assertion is insufficient in the absence of any other facts to support such an inference.  See Ying Jing Gan, 996 F.2d at 536.  Whether viewed through the lens of a sixth amendment speedy trial claim or a due process claim, Davis has failed to show proof of, or even allege, any policy or custom by the County of Nassau, which resulted in a constitutional deprivation. Accord Carter v. Clay, No. 97-CV-4141, 2000 WL 1810961, at *6 (S.D. Tex. 2000) ("there is no summary judgment evidence that either of those cities has a policy to delay trials in violation of the sixth amendment.").

### 2. As to the Suspension of the Plaintiff's Driver's License

With regard to the allegations by Davis pertaining to the suspension of his driver's license, the Court finds that there is a genuine issue of material fact as to whether there was a municipal policy or custom of Nassau County in place.  The

Plaintiff has demonstrated that when he received a notice regarding his trial date, it contained standard language that failure to appear would result in suspension of his driver's license. The Defendant has not submitted any evidence to demonstrate that this issue of fact does not exist.

Nevertheless, the Court finds that there can be no Section 1983 cause of action relating to the suspension of Davis' drivers' license as a matter of law. The Court construes the Plaintiff's complaint regarding the suspension of his drivers' license as pursuing a due process claim. A cause of action based on alleged violations of due process is "based on the Fourteenth Amendment, as implemented by section 1983, and requires the existence of a federally protectable property right and the denial of such a right in the absence of either procedural or substantive due process." Natale v. Town of Ridgefield, 170 F.3d 258, 262 (2d Cir. 1999); see also Rackley v. City of New York, 186 F. Supp. 2d 466, 479 (S.D.N.Y. 2002). Because Davis fails to specify if his substantive or procedural due process rights were allegedly violated, the Court will analyze both.

### a. Substantive Due Process

"Substantive due process protects against government action that is arbitrary, conscience shocking, or oppressive in a constitutional sense, but not against a government action that is 'incorrect or ill' advised." T.S. Haulers, Inc. v. Town of Riverhead, 190 F. Supp. 2d 455, 460 (E.D.N.Y. 2002) (quoting Kaluczky v. City of White Plains, 57 F.3d 202, 211 (2d Cir. 1995)). Thus to prevail on this claim, the Plaintiff must demonstrate that the Defendants "so grossly abused their authority that they deprived him of a constitutionally protected property interest."

Rackley, 186 F. Supp. 2d. at 479.  Such abuse occurs only where the government action challenged is so "outrageous and arbitrary that it shocks the conscious."  Id.

There is no question that a driver's license is a protected property interest, and the Due Process Clause thus applies to the deprivation of a driver's license by the State.  See Bell v. Burson, 402 U.S. 535, 539, 91 S. Ct. 1586, 29 L. Ed. 2d 90 (1971) ("Suspension of issued licenses ... involves state action that adjudicates important interests of the licensees.  In such cases the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment.").  However, the Plaintiff has failed to allege any facts that the Defendants deprived him of his license privileges through actions that "shock the conscience" because of their arbitrary or outrageous conduct.  Accordingly, any substantive due process claim fails as a matter of law.

### b. Procedural Due Process

As for procedural due process, in order to establish a violation, "a plaintiff must prove that he or she was deprived of 'an *opportunity* ... granted at a meaningful time and in a meaningful manner' for [a] hearing appropriate to the nature of the case."  Brady v. Town of Colchester, 863 F.2d 205, 211 (2d Cir. 1988) (citation omitted).  "An essential principle of due process [is] that deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'"  Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985) ( quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313, 70 S. Ct. 652, 94 L. Ed. 865 (1950)).  Thus, "some kind of hearing" is required, but the nature of the hearing

may vary "depending upon the importance of the interests involved and the nature of the subsequent proceedings." Loudermill, 470 U.S. at 542, 545, 105 S. Ct. 1487 (internal quotation marks omitted).

Here, the Plaintiff claims that his license was suspended without a finding of guilt. The Defendants do not deny that his license was suspended, but that it was due to his failure to appear at the scheduled trial date to contest his earlier traffic violation. The Plaintiff does not contend that he did not receive notice or that he was not afforded an opportunity to be heard in connection with the hearing. Rather, he simply refused to attend because of his belief that the trial violated New York's speedy trial law. This refusal to attend the trial was in spite of the fact that the Plaintiff was specifically notified that his license would be suspended if he not appear at the trial date.

Thus, the Court finds that, as a matter of law, the Plaintiff was afforded with a sufficient pre-deprivation remedy that he chose not to pursue. The Plaintiff was given the opportunity of a trial on the merits and did not attend, even though he knew the consequences of not doing so. Therefore, the Court finds that the Plaintiff received all the process he was due under the law. See Rackley, 186 F. Supp. 2d at 481 (concluding that the plaintiff's procedural due process rights were not violated because New York City's administrative parking violations system, together with the judicial system of the State of New York, provided the plaintiff with adequate pre-deprivation remedies, adequate post-deprivation remedies, and sufficient notice that such remedies were available); see also Liotta v. Rent Guidelines Board, 547 F. Supp. 800, 802 (S.D.N.Y. 1982) ( "[I]n considering whether [the] defendants have

failed to afford [the] plaintiffs due process ... the Court evaluates the entire procedure, including the adequacy and availability of remedies under state law").

Accordingly, any procedural due process claim also must be dismissed as a matter of law.

**D. As to the Section 1983 Claim Against Commissioner Patricia Reilly and "Others"**

With respect to the claims against Patricia Reilly's or "other's", the Plaintiff must establish individual liability under 42 U.S.C. § 1983. In order to do so, the Plaintiff must plead that the individual defendant was personally involved in the alleged constitutional deprivations. Styles v. Goord, 431 Fed. App'x. 31, 33 (2d Cir. 2011) ("Personal involvement of the defendants in an alleged constitutional deprivation is a prerequisite to an award of damages under § 1983." (citing Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003)). In addition, "[t]he mere fact that a defendant possesses supervisory authority is insufficient to demonstrate liability for failure to supervise under § 1983." Styles, 431 Fed. App'x at 33. Personal involvement by a participant is a question of fact, and summary judgment should only be granted if no genuine issue of material fact exists. See Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986).

There are several ways in which a defendant may be personally involved in a constitutional deprivation pursuant to § 1983. First, a defendant may have directly participated in the infraction, such as actually beating a prison inmate. See, e.g., Johnson v. Glick, 481 F.2d 1028, 1033–34 (2d Cir.), cert. denied, 414 U.S. 1033, 94 S. Ct. 462, 38 L. Ed. 2d 324 (1973). Second, a defendant may be a

supervisory official, who after learning of the violation through a report or appeal, may have failed to remedy the wrong. See, e.g., United States ex rel. Larkins v. Oswald, 510 F.2d 583, 589 (2d Cir. 1975). Third, a supervisory official may be liable because he or she created a policy or custom under which unconstitutional practices occurred, or let such a policy continue. See, e.g., McCann, 698 F.2d 112, 125 (2d Cir. 1983). Fourth, a supervisory official can be personally liable if he or she was grossly negligent in managing the subordinates who caused the unlawful condition or event. See, e.g., Wright v. McMann, 460 F.2d 126, 135 (2d Cir. 1972).

Even construing the Plaintiff's *pro se* complaint liberally, this Court finds that he has not raised a genuine issue of material fact regarding Reilly's or anyone else's personal involvement in allegedly depriving him of his constitutional right to a speedy trial or due process. No individual's alleged conduct falls into any of the categories described above.

The only allegation involving Patricia Reilly is that after the Plaintiff received a summons to appear for trial on September 7, 2004, he hand delivered and mailed her a total of two letters informing her of the alleged illegal violation of his speedy trial right under New York criminal procedure law. Assuming that Patricia Reilly received these letters, which we must, the Plaintiff still has not provided the Court with any evidence indicating that Defendant Reilly ever did or failed to do anything which arguably violated the Plaintiff's constitutional rights. Davis received a response to his letter, which explained that CPL § 30.30 did not apply to traffic violations. In addition, the letter explained that Davis would need to appear on the September 7, 2004 trial date in order to plead his case, and that an

adjournment would be granted if he needed one. Thus, Reilly informed him that no speedy trial violation had occurred and provided him with an opportunity to present his objections.

In addition, the complaint fails to identify or attribute any specific acts by any other individuals. Therefore, this Court deems these claims abandoned. See Southerland v. City of New York, 652 F.3d 209 (2d Cir. 2011) (deeming the lack of briefing with regard to the "John Does" as abandoning claims against them); Coward v. Town and Village of Harrison, 665 F. Supp. 2d 281, 300 (S.D.N.Y. 2009) (Where a plaintiff "has had ample time to identify" a John Doe defendant but gives "no indication that he has made any effort to discover the [defendant's] name," the plaintiff "simply cannot continue to maintain a suit against" the John Doe defendant); cf. Barreto v. County of Suffolk, 762 F. Supp. 2d 482, 487 (E.D.N.Y. 2010) (denying a defendant's motion to dismiss on the ground that the plaintiff provided sufficient factual basis to allow defendants to successfully identify John Doe defendants).

In sum, the Defendant's summary judgment motion with regard to the claims against Commissioner Patricia Reilly and "other's" is granted.

**E. As to the State Law Claim**

Finally, the Plaintiff appears to also assert one cause of action based upon New York State CPL § 30.30. He alleges that the Defendants violated this law when they did not afford him a trial on his non-guilty plea to a traffic violation within 30 days. On the other hand, the Defendants maintain that Rule 30.30 does not apply to traffic infractions. The Court finds that the Defendants' assertion is

correct. "There is no dispute that CPL Sec. 30.30 does not apply to a docket consisting solely of traffic infractions from its inception." People v. Ashley, 32 Misc.3d 644, 648 n.2, 927 N.Y.S.2d 536, 540 n.2 (N.Y. City Crim. Ct., June 02, 2011) (citing People v. Gonzalez, 168 Misc.2d 136, 645 N.Y.S.2d 978 (App. Term, 1st Dept., 1996); People v. Howell, 158 Misc.2d 653, 601 N.Y.S.2d 778 (Crim. Ct., Kings Cty. 1993)); see People v. Solomon, 124 Misc.2d 33, 34, 475 N.Y.S.2d 749, 750 (N.Y. Dist. Ct. 1984).

Therefore, the Defendant's summary judgment motion to dismiss the state law claim is granted.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED,** that the motion by the Defendants' pursuant to Fed. R. Civ. P. 56 for summary judgment dismissing the Plaintiff's complaint in its entirety is GRANTED; and it is further

**ORDERED** that the Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
November 5, 2011

　　　　　　　　　　　　　　　　　　　___/s/ Arthur D. Spatt____
　　　　　　　　　　　　　　　　　　　　ARTHUR D. SPATT
　　　　　　　　　　　　　　　　　　　United States District Judge